United States District Court
Southern District of Texas
**ENTERED**
September 29, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JAMES ROBERT HATTENBACH, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:23-CV-00191 |
| § | |
| CITY OF ROCKPORT, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

On August 29, 2023, United States Magistrate Judge Jason B. Libby issued his "Memorandum and Recommendation" (M&R, D.E. 10), recommending that this action be dismissed for failure to prosecute and/or to comply with a court order. Plaintiff was provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); General Order No. 2002-13. No objections have been timely filed.

Plaintiff has filed two letters since receiving the M&R. The first merely states, "I am just now receiving the said documents on this day being: Tuesday the 5th of September 2023. I apologize for any inconvenience, and am responding with as much haste as possible." D.E. 11. As a result, the Magistrate Judge issued an order (a) explaining that Plaintiff's letter did not comply with the order for more definite statement, (b) extending the deadline for objections to the M&R to September 21, 2023, and (c) asserting that no further extensions will be granted. D.E. 12.

The second letter, filed on September 15, 2023, complains that Plaintiff has limited access to the law library and that this is causing him emotional harm. D.E. 14. This does not satisfy the Magistrate Judge's order for more definite statement, which explained that a claim for denial of access to the courts requires that he "show he lost an actionable or nonfrivolous claim or was prevented from presenting such a claim because of the alleged denial. He must show 'his position as a litigant was prejudiced' as a direct result of the denial of access." D.E. 9, p. 2 (citations omitted). The letter does not comply with the Magistrate Judge's order for more definite statement.

Neither does the letter point out with particularity any alleged error in the Magistrate Judge's analysis. Consequently, it does not constitute a proper objection to the M&R and will not be considered on that basis. Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review is not invoked when a petitioner merely re-urges arguments contained in the original petition).

When no timely objection to a magistrate judge's M&R is filed, the district court need only satisfy itself that there is no clear error on the face of the record and accept the magistrate judge's M&R. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996)).

Having reviewed the findings of fact and conclusions of law set forth in the Magistrate Judge's M&R (D.E. 10), and all other relevant documents in the record, and finding no clear error, the Court **ADOPTS** as its own the findings and conclusions of the

Magistrate Judge.  Accordingly, Plaintiff's case is **DISMISSED** pursuant to Fed. R. Civ. P. 41(b).

    **ORDERED** on September 29, 2023.

                                              NELVA GONZALES RAMOS
                                              UNITED STATES DISTRICT JUDGE